In the matter of WILLIAM COMPTON, a lunatic.

[Decided November 9th, 1905.]

Where a guardian for any idiot or lunatic, whose estate does not exceed $500, has been appointed by the chancellor under the act of 1899, the general jurisdiction of equity extends over such guardian and he should account for the estate in this court.

On petition for accounting.

*Mr. J. Kearny Rice,* for the petitioner, *ex parte.*

BERGEN, V. C.

Willard P. Clark, of the county of Middlesex, was appointed by this court guardian of the person and property of William Compton, a lunatic, whose estate does not exceed the sum of $500. The appointment was made by virtue of a statute which provides that whenever by a petition, duly verified, it shall be made to appear that any person, a resident of this state, is an idiot or lunatic, and that no inquisition has been issued to determine such idiocy, and that no guardian of the alleged idiot or lunatic has been appointed by the orphans court of the county where the idiot or lunatic resides, and that the estate of such idiot or lunatic does not exceed the sum of $500, the chancellor is authorized to ascertain, in a summary manner, the truth of the allegations, and to appoint a guardian for such idiot or lunatic. *P. L. 1899 p. 233.* This act also provides for a bond by the guardian to the ordinary of the state, to be filed with the clerk of the court of chancery.

The petition filed by the guardian of William Compton shows that the· lunatic died September 14th, 1905, and that, as guardian, he has in hand property amounting to the sum of $481.93, and prays that he may be allowed to file his account as such guardian in this court, and for such further proceedings thereon as may be necessary to have the same properly audited

and approved by this court. The only question now presented is whether a guardian appointed under the statute referred to should account in this court or in the orphans court of the county in which the idiot or lunatic resided.

Section 19 of the statute relating to idiots, lunatics and drunkards (*2 Gen. Stat. p. 1699*) makes it the duty of the guardian of any idiot or lunatic, once in three years, and oftener in case the orphans court shall so order, to render to the orphans court "from whom he or she received his or her appointment as guardian" an account of his or her administration, and upon default may be cited by the orphans court to perform that duty, and on the death of any idiot or lunatic, the guardian may be compelled to render an account of his administration in the same manner as executors and administrators under like circumstances are compellable.

My conclusion is that, reading this section as a whole, it only applies to guardians appointed by the orphans court after the termination of inquisition proceedings in lunacy in this court. The statute of 1899, under which the petitioner was appointed guardian, makes no provision for any accounting, but I have no doubt that where a special statutory jurisdiction has been exercised, and a person thereby adjudged a lunatic, and in pursuance thereof a general guardian appointed for his person and property by this court, that the general jurisdiction of equity extends over such guardian, under which this court may call upon him to make an account of his trust. The statute under consideration was manifestly adopted by the legislature for the purpose of affording a prompt and economical method of settling small estates, for by its terms it does not extend beyond estates where the sum or value exceeds $500. The legislature having expressly committed to this court the power to hear and determine, in a summary way, the question of lunacy and to appoint a guardian, if a proper case is made, there can be no good reason urged why this court, having taken jurisdiction by virtue of that act, should not hold the case and require its officer to complete his duty by properly accounting for the estate which has come into his hands by virtue of his appointment under the order of this court. The

petitioner, upon filing his account with the clerk of this court, may take an order of reference to a master to audit and state his account as guardian, and upon the coming in of such report, an application may be made to the court for a rule prescribing the notice, to be given to all parties in interest, of a motion to confirm the report, and for the settlement and approval of the account.